IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES,<br>National Council of HUD Locals<br>Council 222, AFL-CIO,<br>451 7th St. SW, Washington D.C. 20410<br>Washington, DC 20410,<br><br>     Plaintiff,<br><br>v.<br><br>FEDERAL SERVICE IMPASSES<br>PANEL,<br>1400 K Street NW, Washington, D.C. 20424;<br><br>     and<br><br>MARK ANTHONY CARTER,<br>In his official capacity as Chairman of the<br>Federal Service Impasses Panel,<br>1400 K Street NW, Washington, D.C. 20424;<br><br>     and<br><br>FEDERAL LABOR RELATIONS<br>AUTHORITY<br>1400 K Street NW, Washington, D.C. 20424;<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. _____ |

## **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

The American Federation of Government Employees National Council of HUD Locals,

Council 222, AFL-CIO ("Council 222") challenges, as improperly issued, the decision of the

Federal Service Impasses Panel ("Panel") in *Department of Housing and Urban Development*

*and AFGE, Council of HUD Locals 222*, 18 FSIP 075, (February 14, 2019) ("*HUD and Council 222*"). A copy of the Panel's decision accompanies this complaint.

The Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71, (the "Statute") establishes the Federal Labor Relations Authority ("Authority") and provides that the Authority is composed of three members who "shall be appointed by the President by and with the advice and consent of the Senate." 5 U.S.C. § 7104(b). The Statute gives the Authority a variety of powers and duties relating to federal sector labor relations. 5 U.S.C. § 7105. And the Statute expressly provides, with respect to the Authority's ability to use its powers, that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. § 7104(d).

Similar to the Authority, the Statute separately establishes the Federal Service Impasses Panel ("Panel"). 5 U.S.C. § 7119. The Panel is empowered, broadly speaking, to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining - so long as the Panel does not take any action inconsistent with the Statute. 5 U.S.C. § 7119(c)(5)(B)(iii). But the Statute treats the Panel differently from the Authority in two key respects. First, the Statute provides that "[t]he Panel shall be composed of a Chairman and *at least* six other members, who shall be appointed by the President," without the advice and consent of the Senate. 5 U. S. C. § 7119(c)(2) (emphasis added). Such Panel members may also be removed by the President at any time. 5 U.S.C. § 7119(c)(3). The second key respect in which the Statute treats the Panel differently from the Authority is that the Statute contains no provision that grants the Panel or its members the ability to exercise any of its powers in the event of a vacancy. Compare 5 U.S.C. § 7104(d) with 5 U. S. C. § 7119(c)(2).

In this case, the Panel issued its decision in *HUD and Council 222* on February 14, 2019. Also, on February 14, 2019, the Panel consisted solely of Chairman Mark Carter and three other members: Andrea Fisher Newman, David Osborne and Karen Czarnecki. That is, when the Panel issued the decision at issue in this case it had three vacant positions. Consequently, because the Statute does not grant the Panel the ability to exercise any of its powers in the event of a vacancy but instead requires that the Panel consist of chairman and at least six other members, the Panel's decision in this was contrary to the Statute and therefore ultra vires.

Accordingly, this Court should vacate *HUD and Council 222*, declare that the Panel may not take a final action in the event of a vacancy, and declare that the decision of the Panel in *HUD and Council 222* is *ultra vires*.

I.    JURISDICTION

1.   This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

2.   AFGE seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

II.   VENUE

3.   Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Plaintiff has its headquarters here and because Defendants are also headquartered here.

III.  PARTIES

4.   Council 222 is a labor organization and unincorporated association located at 451 7th St. SW, Washington, D.C. 20410. The Council represents HUD employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7).

5.   Council 222 is affiliated with the American Federation of Government Employees, AFL-CIO.

6.   Defendant Federal Labor Relations Authority ("Authority") is a federal agency whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

7.   Defendant Federal Service Impasses Panel is an entity within the FLRA whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

8.   Defendant Mark Anthony Carter is the Chairman of the Panel. He is sued solely in his official capacity.

IV.    THE FEDERAL SERVICE LABOR-MANAGEMENT RELATIONS STATUTE

9.   The Statute creates the Authority.  5 U.S.C. § 7104.

10.  The Statute expressly provides that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority."  5 U.S.C. § 7104(d).

11.  The Statute also creates the Panel and charges it with providing assistance in resolving negotiation impasses between agencies and exclusive representatives.  5 U.S.C. § 7119(c)(1).

12.  5 U.S.C § 7119(c)(2) mandates that the Panel be composed of a Chairman and at least six other members.

13.  5 U.S.C § 7119(c)(1) provides that either agencies or exclusive representatives may seek assistance in resolving a bargaining dispute with the Panel.

14.  5 U.S.C § 7119(c)(5)(B)(iii) provides that if the parties to an impasse do not arrive at a settlement after assistance by the Panel, the Panel may, *inter alia*, take action to resolve the impasse so long as its action is not inconsistent with the Statute.

4

V.     <u>FACTS</u>

15. The Department of Housing and Urban Development ("HUD") is a federal agency subject to the Statute.

16. Council 222 and HUD have a longstanding and continuing collective bargaining relationship that also falls under the Statute.

17. Council 222 and HUD are parties to a term collective bargaining agreement that expired on or about July 23, 2018, subject to a rollover provision.

18. On or about May 21, 2018, HUD notified Council 222 that it wished to negotiate a new, successor term collective bargaining agreement.

19. On or about June 19, 2018, Council 222 and HUD began bargaining, over a "ground rules" agreement that would govern the parties' negotiations for a term agreement.

20. On or about July 30, 2018, HUD asserted that the parties had reached an impasse in their ground rules negotiations.

21. On or about July 30, 2018, HUD submitted a request for Panel assistance with the parties' ground rules negotiations.

22. On or about November 15, 2018, the Panel took jurisdiction and ordered the parties to engage in mediation.

23. From December 10, 2018, through December 14, 2018, the parties met with a Federal Mediation and Conciliation Service (FMCS) mediator.

24. On or about December 14, 2018, the FMCS mediator referred the parties to the Panel for resolution of an impasse on all outstanding articles for the ground rules.

25. On or about May 18, 2017, however, the President had discharged all members of the Panel, which left all positions on the Panel vacant.

26. Following the discharge of the entire Panel, on or about July 26, 2017, the President appointed defendant Mark Carter to be Chairman of the Panel and appointed the following individuals to be members: Andrea Fisher Newman; David R. Osborne; Karen M. Czarnecki; Donald Todd; Jonathan Riches; F. Vincent Vernuccio.

27. On January 10, 2019, however, the appointments of Donald Todd, Jonathan Riches and F. Vincent Vernuccio expired, leaving the Panel with a chairman and less than six members.

28. On February 14, 2019, the Panel issued *HUD and Council 222,* whereby it imposed ground rules for Council 222's and HUD's negotiations over a successor term collective bargaining agreement.

29. However, as of February 14, 2019, the President had not made any appointments to fill the positions left vacant by former members Donald Todd, Jonathan Riches and F. Vincent Vernuccio.

30. Consequently, by issuing *HUD and Council 222* without a Chairman and at least six other members, and because nothing in the Statute empowers the Panel to take a final action notwithstanding vacancies in its membership, the Panel acted in violation of 5 U.S.C. § 7119(c)(2) and exceeded its authority under the Statute.

## COUNT I

*Ultra Vires*

31. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

32. 5 U.S.C § 7119(c)(2) mandates that the Panel shall be composed of a Chairman and at least six other members.

33. 5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining so long as the Panel does not take any action inconsistent with the Statute.

34. The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other members.

35. By issuing *HUD and Council 222* without the Chairman and at least six other members, the Panel took an action inconsistent with clear and mandatory requirements set by the Statute.

36. Consequently, *HUD and Council 222* is *ultra vires* and void.

## COUNT II

*Violation of the Administrative Procedure Act*
*5 U.S.C. § 706(2)(C)*

37. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 36.

38. 5 U.S.C § 7119(c)(2) mandates that a Panel shall be composed of a Chairman and at least six other members.

39. 5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining so long as the Panel does not take any action inconsistent with the Statute.

40. The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other members.

41. By issuing *HUD and Council 222* without the Chairman and at least six other members, the Panel took an action inconsistent with clear and mandatory requirements set by the Statute.

42. Consequently, *HUD and Council 222* is contrary 5 U.S.C. § 706(2)(c).

**RELIEF REQUESTED**

AFGE respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Panel's decision in *HUD and Council 222;* and

(2) Declaring the Panel's decision in *HUD and Council 222* to be *ultra vires* and void, and in violation of the Administrative Procedure Act; and

(3) Declaring that the Panel may not take a final action in the event of a vacancy; and

(4) Granting such other relief as this Court deems necessary and proper.

Respectfully Submitted,

  /s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: Grajaa@afge.org

/s/ Mark L. Vinson
Mark L. Vinson
Assistant General Counsel
D.C. Bar No. 478175
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:     (202) 639-6426
Fax.:    (202) 379-2928
Email: vinsom@afge.org

 /s/ Chad E. Harris
Chad E. Harris*
Assistant General Counsel
D.C. Bar No. 9814125
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:     (202) 639-6426
Fax.:    (202) 379-2928
Email: harric@afge.org

*Lead Counsel

Attorneys for AFGE