IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, National Council of HUD Locals Council 222, AFL-CIO, 451 7th St. SW, Washington D.C. 20410 Washington, DC 20410, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL SERVICE IMPASSES PANEL, 1400 K Street NW, Washington, D.C. 20424; <br><br> and <br><br> MARK ANTHONY CARTER, In his official capacity as Chairman of the Federal Service Impasses Panel, 1400 K Street NW, Washington, D.C. 20424; <br><br> and <br><br> FEDERAL LABOR RELATIONS AUTHORITY 1400 K Street NW, Washington, D.C. 20424; <br><br> Defendants. | Civil Action No. 1:19-cv-01934 |

## **SECOND AMENDED COMPLAINT**

INTRODUCTION

The American Federation of Government Employees, National Council of HUD Locals, Council 222, AFL-CIO ("Council 222") challenges, as improperly issued, the decision of the Federal Service Impasses Panel ("Panel") in *Department of Housing and Urban Development*

1

*and AFGE, Council of HUD Locals 222*, 18 FSIP 075, (February 14, 2019) ("*HUD and Council 222*"). A copy of the Panel's decision accompanies this complaint.

The Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71, (the "Statute") establishes the Federal Labor Relations Authority ("Authority") and provides that the Authority is composed of three members who "shall be appointed by the President by and with the advice and consent of the Senate." 5 U.S.C. § 7104(b). The Statute gives the Authority a variety of powers and duties relating to federal sector labor relations. 5 U.S.C. § 7105. And the Statute expressly provides, with respect to the Authority's ability to use its powers, that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. § 7104(d).

Similar to the Authority, the Statute separately establishes the Federal Service Impasses Panel ("Panel"). 5 U.S.C. § 7119. The Panel is empowered, broadly speaking, to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining - so long as the Panel does not take any action inconsistent with the Statute. 5 U.S.C. § 7119(c)(5)(B)(iii). The Panel may hold hearings, administer oaths, take testimony or depositions, and issue subpoenas. 5 U.S.C. § 7119(c)(5)(B). But the Statute treats the Panel differently from the Authority in two key respects. First, the Statute provides that "[t]he Panel shall be composed of a Chairman and *at least* six other members, who shall be appointed by the President," without the advice and consent of the Senate. 5 U.S.C. § 7119(c)(2) (emphasis added). Such Panel members may also be removed by the President at any time. 5 U.S.C. § 7119(c)(3). The second key respect in which the Statute treats the Panel differently from the Authority is that the Statute contains no provision that grants the Panel or its members the ability

2

to exercise any of its powers in the event of a vacancy. Compare 5 U.S.C. § 7104(d) with 5 U.S.C. § 7119(c)(2).

In this case, the Panel issued its decision in *HUD and Council 222* on February 14, 2019. Also, on February 14, 2019, the Panel consisted solely of Chairman Mark Carter and three other members: Andrea Fisher Newman, David Osborne, and Karen Czarnecki. That is, when the Panel issued the decision at issue it had three vacant positions. Consequently, because the Statute does not grant the Panel the ability to exercise any of its powers in the event of a vacancy but instead requires that the Panel consist of a "Chairman and at least six other members", the Panel's issuance of *HUD and Council 222* was contrary to the Statute and therefore *ultra vires*.

Accordingly, this Court should vacate *HUD and Council 222,* declare that the Panel may not take a final action in the event of a vacancy, and declare that the decision of the Panel in *HUD and Council 222* was *ultra vires*.

 In addition, by exceeding its authority under the Statute, all of the Panel's actions are also void because each member of the Panel was appointed in violation of the Appointments Clause of the United States Constitution. U.S. Const. art. II, § 2, cl. 2.  Panel members exercise significant authority pursuant to the laws of the United States, inasmuch as they issue final and binding decisions, are not subject to direct supervision, and have the power to hold hearings, take testimony, and issue subpoenas.  Panel members are therefore principal officers of the United States.

The Appointments Clause requires that principal officers of the United States be appointed "by and with the Advice and Consent of the Senate." U.S. Const. art. II, § 2, cl. 2. Neither the chairman nor any of the other three Panel members presiding over the proceedings

that resulted in the final decision in *HUD and Council 222* were appointed by and with the advice and consent of the United States Senate.

Consequently, the Panel was not constitutionally appointed and its actions, including its assertion of jurisdiction over the matters in *HUD and Council 222* and its issuance of a decision in *HUD and Council 222*, violated the Appointments clause of the United States Constitution. The Panel's decision should therefore be declared void and vacated.

I. <u>JURISDICTION</u>

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

2. AFGE seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

II. <u>VENUE</u>

3. Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Plaintiff has its headquarters here and because Defendants are also headquartered here.

III. <u>PARTIES</u>

4. Council 222 is a labor organization and unincorporated association located at 451 7th St. SW, Washington, D.C. 20410. The Council represents HUD employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7).

5. Council 222 is affiliated with the American Federation of Government Employees, AFL-CIO.

6. Defendant Federal Labor Relations Authority ("Authority") is a federal agency whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

7. Defendant Federal Service Impasses Panel is an entity within the FLRA whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

8. Defendant Mark Anthony Carter is the Chairman of the Panel. He is sued solely in his official capacity.

IV. <u>THE FEDERAL SERVICE LABOR-MANAGEMENT RELATIONS STATUTE</u>

9. The Statute creates the Authority. 5 U.S.C. § 7104.

10. The Statute expressly provides that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. § 7104(d).

11. The Statute also creates the Panel and charges it with providing assistance in resolving negotiation impasses between agencies and exclusive representatives. 5 U.S.C. § 7119(c)(1).

12. 5 U.S.C § 7119(c)(2) mandates that the Panel be composed of a Chairman and at least six other members, and provides that Panel members and the Chairman "shall be appointed by the President."

13. 5 U.S.C § 7119(c)(1) provides that either agencies or exclusive representatives may seek assistance in resolving a bargaining dispute with the Panel.

14. The President may unilaterally remove any member of the Panel. 5 U.S.C. § 7119 (c)(3).

15. The Panel exercises significant authority and discretion, pursuant to the laws of the United States, in resolving impasses that arise between an agency and a labor organization engaged in collective bargaining.

16. Specifically, 5 U.S.C. § 7119(c)(5)(B) authorizes the Panel to: (1) hold hearings; (ii) administer oaths, take the testimony or deposition of any person under oath, and issue subpoenas; and (iii) take whatever action is necessary and not inconsistent with this chapter to resolve the impasse.

17. 5 U.S.C § 7119(c)(5)(C) makes any final action taken by the Panel binding on the agency and labor organization, "unless the parties agree otherwise."

V. FACTS

18. The Department of Housing and Urban Development ("HUD") is a federal agency subject to the Statute.

19. Council 222 and HUD have a longstanding and continuing collective bargaining relationship that also falls under the Statute.

20. Council 222 and HUD are parties to a term collective bargaining agreement that expired on or about July 23, 2018, subject to a rollover provision.

21. On or about May 21, 2018, HUD notified Council 222 that it wished to negotiate a new, successor term collective bargaining agreement.

22. On or about June 19, 2018, Council 222 and HUD began bargaining, over a "ground rules" agreement that would govern the parties' negotiations for a term agreement.

23. On or about July 30, 2018, HUD asserted that the parties had reached an impasse in their ground rules negotiations.

24. On or about July 30, 2018, HUD submitted a request for Panel assistance with the parties' ground rules negotiations.

25. Despite Council 222's objection, the Panel asserted jurisdiction over the purported impasse on November 15, 2018, and ordered the parties to engage in mediation.

26. From December 10, 2018, through December 14, 2018, the parties met with a Federal Mediation and Conciliation Service (FMCS) mediator.

27. On or about December 14, 2018, the FMCS mediator referred the parties to the Panel for resolution of an impasse on all outstanding articles for the ground rules.

28. On or about May 18, 2017, however, the President had discharged all members of the Panel, which left all positions on the Panel vacant.

29. Following the discharge of the entire Panel, on or about July 26, 2017, the President appointed defendant Mark Carter to be Chairman of the Panel and appointed the following individuals to be members: Andrea Fisher Newman; David R. Osborne; Karen M. Czarnecki; Donald Todd; Jonathan Riches; and F. Vincent Vernuccio.

30. The appointments to the Panel were made without the advice and consent of the United States Senate.

31. On January 10, 2019, however, the appointments of Donald Todd, Jonathan Riches and F. Vincent Vernuccio expired, leaving the Panel with a chairman and less than six members.

32. On February 14, 2019, the Panel issued *HUD and Council 222,* whereby it imposed ground rules for Council 222's and HUD's negotiations over a successor term collective bargaining agreement.

33. The Panel imposed terms with respect to eight articles of the ground rules; seven of the eight articles imposed by the Panel were either HUD's proposals or a modified version of HUD's proposals.

34. The decision in *HUD and Council 222* injured Council 222.

35. The decision in *HUD and Council 222* requires Council 222 to pay travel costs for its bargaining team members, contrary to prior negotiations and Council 222's proposals before the Panel.

36. As of February 14, 2019, the President had not made any appointments to fill the positions left vacant by former members Donald Todd, Jonathan Riches and F. Vincent Vernuccio.

37. Consequently, by issuing *HUD and Council 222* without a Chairman and at least six other members, and because nothing in the Statute empowers the Panel to take a final action notwithstanding vacancies in its membership, the Panel acted in violation of 5 U.S.C. § 7119(c)(2) and exceeded its authority under the Statute; to the detriment of Council 222.

38. In addition to exceeding its authority under the Statute, the Panel's actions are also void because each member of the Panel was appointed in violation of the Appointments Clause of the United States Constitution. U.S. Const. art. II, § 2, cl. 2.

39. Panel members exercise significant authority pursuant to the laws of the United States, inasmuch as they issue final and binding decisions, are not subject to direct supervision, and have the power to hold hearings, take testimony, and issue subpoenas.

40. Panel members are therefore principal officers of the United States.

41. The Appointments Clause requires that principal officers of the United States be appointed "by and with the Advice and Consent of the Senate." U.S. Const. art. II, § 2, cl. 2.

42. Neither the chairman nor any of the three other Panel members presiding over proceedings that resulted in the final decision in *HUD and Council 222*, were appointed by and with the advice and consent of the United States Senate.

43. Consequently, the Panel was not constitutionally appointed and its actions, including its assertion of jurisdiction over the matters in *HUD and Council 222* and its issuance of a decision in *HUD and Council 222*, violated the Appointments clause of the United States Constitution. The Panel's decision should therefore be declared void and vacated.

### COUNT I

*Ultra Vires*

44. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 43.

45. 5 U.S.C § 7119(c)(2) mandates that the Panel shall be composed of a Chairman and at least six other members.

46. 5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining so long as the Panel does not take any action inconsistent with the Statute.

47. The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other members.

48. By issuing *HUD and Council 222* without the Chairman and at least six other members, the Panel took an action inconsistent with clear and mandatory requirements set by the Statute.

49. Consequently, *HUD and Council 222* is *ultra vires* and void.

## COUNT II

*Violation of the Appointments Clause of the United States Constitution*

50. AFGE realleges and incorporates by reference the allegations contained in paragraphs 1 through 49.

51. "The Appointments Clause prescribes the exclusive means of appointing 'Officers." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018).

52. Pursuant to the Appointments Clause, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint" all principal officers of the United States. U.S. Const. art. II, § 2, cl. 2.

53. Anyone "exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States' and must, therefore, be appointed in the manner prescribed by" the Appointments Clause. *Buckley v. Valeo*, 424 U.S. 1, 126 (1976).

54. The Panel exercises significant authority pursuant to the laws of the United States, inasmuch as the Statute provides it discretion in resolving impasses that arise between an agency and labor organization, and renders any final decision taken by the Panel binding. 5 U.S.C. § 7119(c).

55. The Panel is not subject to supervision and has the authority to hold hearings, take testimony, and issue subpoenas. 5 U.S.C. § 7119(c)(5)(B).

56. A final decision by the Panel is not directly reviewable by any administrative agency.

57. Consequently, the Panel exercises significant authority that is reserved by the Appointments Clause to principal officers of the United States.

58. Panel members are therefore principal officers of the United States.

59. When the Panel asserted jurisdiction over *HUD and Council 222*, and when it issued its final and binding decision in *HUD and Council 222*, none of its members had been appointed by and with the advice and consent of the United States Senate.

60. Therefore, the Panel's assertion of jurisdiction in *HUD and Council 222* and any proceedings related to *HUD and Council 222* were in violation of the Appointments Clause and must be vacated.

61. Moreover, because the decision *in HUD and Council 222* was issued in violation of the Appointments Clause of the United States Constitution, it is void and must be vacated.

### COUNT III

*Violation of the Administrative Procedure Act*
*5 U.S.C. § 706(2)(C)*

62. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 61.

63. 5 U.S.C § 7119(c)(2) mandates that a Panel shall be composed of a Chairman and at least six other members.

64. 5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining so long as the Panel does not take any action inconsistent with the Statute.

65. The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other members.

66. By issuing *HUD and Council 222* without the Chairman and at least six other members, the Panel took an action inconsistent with clear and mandatory requirements set by the Statute.

67. Consequently, *HUD and Council 222* is contrary to 5 U.S.C. § 706(2)(c).

## **RELIEF REQUESTED**

AFGE respectfully requests that this Court enter an **ORDER**:

(1) Vacating the Panel's decision in *HUD and Council 222* in its entirety*;* and

(2) Declaring the Panel's decision in *HUD and Council 222* to be *ultra vires* and void, and in violation of the Administrative Procedure Act; and

(3) Declaring that the Panel may not exercise its powers unless it is composed of a Chairman and at least six other members; and

(4) Declaring the Panel's assertion of jurisdiction over the matters at issue in *HUD and Council 222* void in violation of the Appointments Clause of the United States Constitution; and

(5) Declaring that the Panel may not exercise its powers absent members who have been appointed "by and with the Advice and Consent of the Senate," as required by the Appointments Clause of the United States Constitution; and

(6) Granting Plaintiff's attorney fees and costs; and

(7) Granting such other relief as this Court deems necessary and proper.


Respectfully Submitted,

  /s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:   (202) 639-6426
Fax.:   (202) 379-2928
Email: Grajaa@afge.org

/s/ Rushab Sanghvi
Rushab Sanghvi
Associate General Counsel
D.C. Bar No. 1012814
AFGE Office of General Counsel
80 F Street NW
Washington, DC 20001
Tel: (202) 639-6424
Fax: (202) 379-2928
Email: sanghr@afge.org


/s/ Mark L. Vinson
Mark L. Vinson*
Assistant General Counsel
D.C. Bar No. 478175
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: vinsom@afge.org
*Lead Counsel

Attorneys for AFGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 27th day of August 2019, counsel of record who is deemed to have consented to electronic service is being served with a copy of this Second Amended Complaint through the Court's CM/ECF system.