**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| American Federation of, | ) |
| Government Employees, | ) |
| National Council of HUD Locals | ) |
| Council 222, AFL-CIO, | ) |
| | ) |
|     Plaintiff | ) Civil Action No. 1:19-cv-01934 |
| v. | ) |
| | ) |
| Federal Service Impasses, | ) |
| Panel, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S OPPOSITION TO THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S MOTION TO INTERVENE

Plaintiff American Federation of Government Employees National Council of HUD Locals No. 222 ("Council 222") hereby opposes the Motion to Intervene filed by the Department of Housing and Urban Development ("HUD"). Briefing is well underway and has progressed to the point where allowing HUD's intervention now would prejudice Council 222 and the orderly adjudication of this case. The parties previously agreed to a briefing schedule and no sound reason to disrupt that agreed-upon schedule has been presented by HUD or the defendants. HUD's motion to intervene should be denied.

HUD has not established good cause for its delay in moving to intervene nor has it established that its addition to this case would be anything more than duplicative. There is no argument sought to be raised by HUD that has not been or cannot be raised by Defendants. Defendants have not only already moved to dismiss this action, raising the same jurisdictional argument that HUD seeks to elevate as a basis for unnecessarily staying proceedings on Council 222's motion for summary judgment, Defendants have not yet filed their opposition to Council

222's motion, in which Defendants may – and surely will, raise the same arguments that HUD would put forth.

The proposed motion to stay which HUD seeks to file does not change this fact.[1] Indeed, were the court to allow HUD's motion to stay to be filed, it too would be ripe for denial. This court is certainly capable of adjudicating the jurisdictional question raised in Defendants' motion to dismiss without need of a stay. This court is equally capable of applying the doctrine of constitutional avoidance in the absence of a stay, if its application were to be deemed appropriate.  So, if the court were to find against Council 222 on the question of subject matter jurisdiction, the court would surely not reach the merits of the complaint,  which is the same result that HUD seeks but without the unnecessary delay and duplicative briefing that would result from HUD's untimely intervention. The November 2019 Presidential Memorandum cited by HUD, moreover, is not a change in circumstances warranting a stay, in part because it post-dates the Panel decision challenged by Council 222. And any arguments relating to that memorandum may be raised in Defendants' opposition to Council 222's motion for summary judgment – to which Council 222 may then reply. HUD's interests, to the extent they extend beyond the merits of the Panel's decision which are not challenged here, are thus aligned with the existing defendants and adequately represented by them. HUD's motion to intervene at this late date is simply an attempt to get two bites at the apple and should therefore be denied.

---

[1] Council 222 opposes the proposed Motion to Stay attached as an exhibit to HUD's Motion to Intervene. Council 222 intends to file a separate opposition to that proposed motion if HUD is permitted to intervene.

**BACKGROUND**

Council 222 filed this action on June 27, 2019, naming the Federal Services Impasses Panel ("Panel") and Federal Labor Relations Authority ("Authority") as defendants (collectively "Defendants").  Council 222 challenged the February 14, 2019 decision of the Panel, 18 FSIP 075, as being ultra vires and void – for reasons having nothing to do with the substance of the decision or any argument or action by HUD. Council 222 amended the complaint on July 23, 2019 and August 27, 2019, adding, months ago, the argument that the members of the Panel were appointed in violation of the Appointments Clause because they were principal officers who were appointed without Senate confirmation.

Defendants moved to dismiss Council 222's complaint on October 11, 2019, arguing that this court lacks subject matter jurisdiction over the complaint. ECF No. 20. Council 222 then filed a consolidated Motion for Summary Judgment and Opposition to Defendants' Motion to Dismiss ("Consolidated Motion") on November 11, 2019. ECF No. 23. The parties thereafter agreed, via Defendants' consent motion, to a unified briefing schedule. ECF No. 24. Pursuant to this agreed-upon briefing schedule, the Defendants agreed to file a consolidated reply and opposition to Council 222's Consolidated Motion on December 4, 2019, today. The briefing schedule requires Council 222 to file its reply on December 13, 2019 – at which point briefing schedule will be complete.

Despite this briefing schedule, Defendants' sought, on November 21, 2019, Council 222's consent to stay briefing on its motion for summary judgment. Defendants cited as the basis for their request the already pending jurisdictional question and the November 12, 2019 issuance of a Presidential Memorandum purporting to delegate some manner of supervision over the Panel to the Authority.  Council 222 did not consent to Defendants' request and Defendants did

not file a motion to stay briefing. However, on November 26, 2019, for the first time since this case's June filing, HUD requested Council 222's consent to intervene and to stay briefing on Council 222's motion for summary judgment. HUD thereafter filed its motion on December 2, 2019, using as the basis for its request the exact same arguments raised by Defendants on November 21st.

## ARGUMENT

The Court should deny HUD's Motion to Intervene and its Motion to Stay Briefing. First, HUD is not entitled to intervene as of right in this matter because HUD cannot meet the criteria required by Federal Rule of Civil Procedure 24(a)(2). Notably, HUD's request to intervene is untimely and any asserted interest it may have is adequately represented by the current Defendants. Moreover, HUD will be unable to establish standing to intervene as a party in this matter. Next, the Court should also deny HUD's request to permissively intervene. HUD failed to provide any valid rationale for intervention and its participation will be duplicative. HUD's sole reason for intervening appears to be to delay the parties' joint briefing schedule. Thus, permitting HUD to intervene will contravene the parties' agreement and unnecessarily expend precious judicial resources.

Even if the Court determines that HUD may intervene in this matter, it should deny HUD's request to stay briefing of Council 222's motion for summary judgment. Council 222 and the Defendants jointly agreed on a briefing schedule that included briefing of the motion for summary judgment. HUD fails to provide any persuasive reason to invalidate the parties' agreed upon briefing schedule and deviate from the practice of deciding challenges to agency actions through consolidated proceedings. HUD's primary contention is that Defendants' jurisdictional

claim must be determined first. Staying briefing will not prevent the Court from deciding this case on jurisdictional grounds if it so chooses.

HUD's motion is nothing more than an attempt to manipulate the intervenor process to delay the Defendant's briefing of the merit's issues in this matter. Defendants sought Council 222's consent for a stay to briefing but, after being informed that Council 222 would not consent, declined to move this Court for a stay. HUD should not be permitted to act where Defendants chose not to. Regardless, as discussed above, there is no valid rational for delaying the jointly agreed upon briefing schedule in this matter. Consequently, HUD's motion should be denied.

## I.   HUD'S REQUEST TO INTERVENE AS OF RIGHT SHOULD BE DENIED.

In order to establish intervention as of right under Rule 24(a)(2) of the Federal Rules of Procedure, a potential intervenor must satisfy the following four requirements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C.Cir.2008) (quoting *SEC v. Prudential Sec. Inc*., 136 F.3d 153, 156 (D.C.Cir.1998)). Along with these four factors, "intervenors must demonstrate Article III standing" even if intervening as defendants. *Deutsche Bank Nat. Tr. Co. v. F.D.I.C*., 717 F.3d 189, 193 (D.C. Cir. 2013). Here, HUD cannot meet the requirements to be an intervenor as of right.

First, HUD's application to intervene is untimely. HUD knew, or should have known, of Council 222's litigation since its inception because the Department of Justice's Attorney General William Bar was served with the complaint and Council 222 advised HUD's representatives that it had filed suit. HUD filed its motion to intervene two days prior to a briefing deadline jointly

agreed upon by the parties. HUD's untimely request to intervene is made solely for the purpose of delaying this deadline. HUD's application to intervene is thus untimely. Next, HUD does not have standing because any asserted legally protected interest in this action is merely hypothetical. Although HUD was a party to the underlying administrative order, "a threshold legal interpretation must come out a specific way before [HUD's] interests are even at risk." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013). As a result, any interest HUD may have in this litigation is speculative and insufficient to support its application to intervene.

Third, Defendants are adequate representatives of HUD's asserted interests in this litigation. HUD's and Defendants' interests are identical because they both wish for the decision in *HUD and Council 222* to be sustained. The consequences of a decision in this matter may have a distinct impact on HUD, but those consequences have no bearing on the matters at issue here. For these reasons, HUD is not entitled to intervene as of right and its motion to intervene should be dismissed.

### A.  HUD's Request to Intervene is Untimely.

HUD's motion must be denied because its request to intervene is untimely. The timeliness of a motion to intervene "is not just a function of counting days; it is determined by the totality of the circumstances." *United States v. Alcan Aluminum, Inc*., 25 F.3d 1174, 1181 (3d Cir. 1994). In this circuit, timeliness is "judged in consideration of all of the circumstances, especially weighing the factors of time since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *United States v. American Tel. & Tel. Co*., 642 F.2d 1285, 1295 (D.C. Cir. 1980). If a motion to intervene is untimely, the

motion must be dismissed regardless of the other factors. *NAACP v. New York*, 413 U.S. 345, 366 (1973).

A motion to intervene filed in a case where a party has "been content to remain on the sidelines," will be denied as untimely. *Stewart v. Rubin*, 948 F. Supp. 1077, 1103-05 (D.D.C. 1996) (denying intervention as untimely where party knew of their interest for four months); *see also Roane v. Gonzales*, 269 F.R.D. 1, 6 (D.D.C. 2010). The circumstances in this matter demonstrate that HUD's motion is untimely. Prior to its motion, HUD was aware of the pending litigation but was seemingly "content to remain on the sidelines" while Council 222 and the Defendants proceeded to litigate the matter and jointly agree to a briefing schedule.

The Complaint in this matter was originally filed on June 27, 2019, ECF No. 1, and an Amended Complaint was filed on July 23, 2019. ECF No. 10. HUD's motion comes over four months after the Amended Complaint was filed. If HUD believed its interests sufficient to intervene, it was incumbent upon it to signal its intentions well before December 2, 2019. Indeed, Amicus timely moved for leave to appear and file a brief in support of Council 222's motion for summary judgment nearly two weeks prior to HUD's request. ECF No. 26. Amicus' ability to timely move to participate and thoroughly brief the issues in Council 222's Consolidated Motion, highlight the untimely nature of HUD's request.

HUD's claim that it believed intervention was unnecessary prior to the resolution of Defendants' motion to dismiss, does not excuse it from its "own failure to timely protect [its] interest." *Roane v. Gonzales*, 269 F.R.D. at 6 (D.D.C. 2010). The briefing deadline that HUD now attempts to delay was established jointly by the parties on November 6, 2019. Thus, HUD had nearly a month to file its motion to intervene but chose not to. Moreover, HUD has failed to assert any valid reason why it was unaware of the jointly agreed upon briefing schedule or why it

failed to indicate its intention prior to two days before Defendants' deadline to submit an opposition to Council 222's Consolidated Motion. Therefore, HUD's request is untimely, and its motion must be dismissed.

### B.  HUD Lacks Standing and Does Not Have an Interest in This Litigation.

A party must establish standing to be allowed to intervene in litigation and must establish that they have a legally protected interest in the action. Whether a defendant-intervenor has standing will impact whether the intervenor can establish a legally protected interest. To establish standing, a party must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Deutsche Bank* at 193 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, (1992)). Relevant here, if a "threshold legal interpretation must come out a specific way before a party's interests are even at risk, it seems unlikely that the prospect of harm is actual or imminent." *Id*. In *Deutsche Bank*, the Court of Appeals found a potential intervenor's claim insufficient because before the intervenor's interests would be at stake, the court needed to reach a particular legal question. *Id*. The same is true here - until the Court resolves the question of whether the Panel was properly composed and appointed, HUD's interests will not be at stake. Only after that question is resolved, will HUD potentially suffer any consequences.

Moreover, as HUD itself appears to concede, those consequences are primarily economic and consist of resources it may have to expend to relitigate disputes. Motion to Intervene at 9. However, the "litigation expenses rationale" for injury has been rejected by the Court of Appeals. *See Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015). Consequently, HUD cannot establish sufficient injury on the basis of its hypothetical future litigation expenses. Indeed, HUD cannot establish standing because any

asserted interest is too attenuated to meet the threshold required for Article III standing. As a result, HUD's Motion must be denied.

### C.  HUD's Interests are Adequately represented by Defendants.

Even when a timely applicant to intervene has established a protected interest, intervention as of right will not be granted if the prospective intervenor's interests are adequately represented by an active party to the litigation. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). Although showing inadequate representation is typically not unduly burdensome, the burden appears to rest with the applicant. *Id* at 736 & n.7. A primary factor in determining the adequacy of representation is the alignment of an intervenor's interests with that of a current party. *Nuesse v. Camp*., 385 694, 703 (D.C. Cir. 1967).  The "mere fact that there is a slight difference in interest between the applicant and the supposed representative does not necessarily show inadequacy, if the both seek the same outcome." *Id*. Moreover, "where a party is charged by law to protect the interest of a nonparty, that 'representation will be presumed adequate unless special circumstances are shown.'" *Schoenborn v. Washington Metro. Area Transit Auth.,* 247 F.R.D. 5, 9–10 (D.D.C. 2007) (citing 7C Fed. Prac. & Proc. § 1909).

Here, HUD and Defendants have identical interests in the outcome of this litigation. Namely, both HUD and Defendants wish to preserve the Panel's decision in *Council 222 and HUD*. There are no circumstances under which the Panel and HUD will have a differing view of what the outcome in this matter should be. HUD's attempt to distinguish its interest is unpersuasive. Although HUD may face unique consequences as a result of a decision in this case, those consequences have no bearing on the claims being litigated. For example, the fact that HUD may suffer some financial loss as a result of the Panel's decision being vacated is irrelevant to the Panel's constitutional and statutory validity.

Moreover, HUD has failed to proffer any reason why Defendants cannot adequately represent it in the only legal questions being asserted in this matter – whether the Panel was properly composed and appointed. Indeed, HUD has concluded that it is satisfied with the Defendants' arguments to date and does not seek to supplement the current filings. Motion to Intervene at 3. ECF No. 29. HUD's sole reason for intervening is thus to delay briefing on Council 222's motion for summary judgment. But HUD fails to discuss how or why Defendants would not adequately represent its position. HUD has failed to demonstrate that it will be inadequately represented in this matter. Consequently, HUD has not met its burden to establish that it may intervene as of right, and its motion should be denied.

## II.  HUD'S REQUEST FOR PERMISSIVE INTERVENTION SHOULD BE DENIED

The Court should deny HUD's request to intervene pursuant to Rule 24(b) because HUD's request will unnecessarily delay litigation and is inappropriately made to contravene an agreed upon briefing schedule. Permissive intervention will only be granted if the requesting intervenor has: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Voltage Pictures, LLC v. Vazquez*, 227 F.R.D. 28 (D.D.C. 2011). Moreover, courts will deny permissive intervention when such intervention is duplicitous and the prospective intervenor's arguments are largely consistent with those being asserted by another party. *Animal Legal Def. Fund v. Otter*, 300 F.R.D. 461, 464 (D. Idaho 2014) (denying intervention where organization's arguments were nearly identical to those of the state already a party to litigation); *Vonage Holdings, Corp. v. Nebraska Public Service Com'n*, 543 F.Supp.2d 1062 (D.Neb.2008). Here, HUD's request to intervene fails to meet any of the criteria necessary for permissive intervention, and HUD's participation in these proceedings will be duplicitous.

First, as noted above, HUD's motion is untimely. HUD has been, or should have been, aware of this matter for nearly six months. HUD failed to intervene until a few days prior to the Defendants' deadline to oppose Council 222's motion for summary judgment. HUD should not be rewarded for their dilatory action when they have "been content to remain on the sidelines," for so long. *Stewart v. Rubin*, 948 F. Supp. at 1103-05.

Next, HUD neither has an independent ground for jurisdiction in this matter or a claim or defense that it shares with Defendants. Council 222's claims are against the Panel and solely the Panel. Council 222 is not making any claim against HUD or any action that was taken by HUD or in the control of HUD. Instead, any impact a decision in this matter may have on HUD is hypothetical and contingent on a "threshold legal interpretation." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013).

HUD's citation to matters where intervention has been granted in cases challenging Authority proceedings is misplaced. Motion to Intervene, ECF No. 29, at 7. In those cases, the claims at issue involved the substance of a proceeding where the intervenor was a party. For instance, in *U.S. Dep't of Justice Fed. Bureau of Prisons Fed. Corr. Complex Coleman, Fla. v. Fed. Labor Relations Auth.*, 737 F.3d 779, 782 (D.C. Cir. 2013) ("*Coleman*"), the union-intervenor filed the negotiability appeal that was the subject of the matter before the court. Moreover, there, the challenge being raised solely related to the arguments made by the union and adopted by the Authority in the proceedings below. *Id*. The instant case is distinct because *Council 222* is not challenging the substance of the Panel's decision or any issue raised by HUD in *HUD and Council 222*. Instead, *Council 222* is challenging the Panel's very authority to render a decision. Nothing that HUD contended below is relevant to this challenge. Nor is HUD directly implicated by Council 222's claims. Additionally, unlike in *Coleman*, the claims being

11

raised by Council 222 were not intended to be litigated through the Statute's administrative scheme. *See Free Enterprise Fund v. Public Co. Accounting Oversight Bd*, 561 U.S. 477, 489 (2010).

Finally, adding HUD to this matter will be duplicative, unnecessarily delay the proceedings, and contravene a jointly agreed upon briefing schedule. Despite HUD's claim that it has a distinct interest in the outcome of this action, it has failed to assert how its position on Council 222's claims will differ from those of the Defendants. Indeed, HUD's and Defendants' interests are identical. Specifically, both HUD and Defendants want the Panel's order in *Council 222 and HUD* to be upheld. While HUD may be concerned with the outcome of the Court's decision, it has no distinct interest in the claims at issue and has failed to describe how its participation will be anything other than repetitive of Defendants' representation of those interests.

HUD's participation will also unnecessarily delay resolution of this matter by disrupting the joint briefing schedule. Council 222 and Defendants agreed to the briefing schedule in this matter. ECF No. 24.  That briefing schedule requires Defendants to file an opposition to Council 222's Consolidated Motion by December 4, 2019. *Id*.  HUD's sole reason for intervention appears to be the delay of this schedule. Motion to Intervene at Exhibit A (Motion to Stay). HUD's arguments in its Motion to Stay are without merit because the Court of Appeals recognizes that challenges to agency actions involve "purely legal questions[s]," which eliminates any "real distinction" between a motion to dismiss and a motion for summary judgment.  *Marshall Cnty. Health Care Auth*, 1222-23, n.5.  In these cases, there is no need to separately consider a motion to dismiss that "is meant to test only the sufficiency of the complaint." *Id*.

HUD's insistence that delaying briefing will save resources because of the pending jurisdictional question is unavailing. For one, the deadline for Defendants to file their brief was two days from HUD's filing. It is reasonable to conclude, given this proximity to Defendants' deadline, that much of the resources at issue had already been expended. Additionally, there is unlikely to be any increased expenditure of judicial resources, as the Court is unlikely to reach the merits if it concludes that it lacks subject matter jurisdiction. And if the Court concludes, correctly, that it does have subject matter jurisdiction over this action, the resources expended will be much the same. Consequently, HUD should not be permitted to intervene, and its motion should be denied.

## CONCLUSION

For the foregoing reasons the Plaintiff respectfully requests that the Court deny HUD's Motion to Intervene.

Respectfully Submitted,

/s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
Email: Grajaa@afge.org

/s/ Mark L. Vinson
Mark L. Vinson
Assistant General Counsel
D.C. Bar No. 478175
Email: Vinsom@afge.org

/s/ Rushab Sanghvi
Rushab Sanghvi
Associate General Counsel
D.C. Bar No. 1012814
Email: Sanghr@afge.org

American Federation of Government
Employees, AFL-CIO

13

Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928

Attorneys for Council 222

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Federation of, | ) |
| Government Employees, | ) |
| National Council of HUD Locals | ) |
| Council 222, AFL-CIO, | ) |
| | ) |
|     Plaintiff | ) Civil Action No. 1:19-cv-01934 |
| v. | ) |
| | ) |
| Federal Service Impasses, | ) |
| Panel, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## ORDER

Upon consideration of the Department of Housing and Urban Development's Motion to Intervene and Council 222's Opposition, it is hereby

**ORDERED** that the Department of Housing and Urban Development's Motion to Intervene is **DENIED**; and

It is **FURTHER ORDERED** that the Department of Housing and Urban Development's Motion to Stay Briefing is **DENIED as MOOT**.

For the Court:

_____

**The Honorable Richard J. Leon**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  I also certify that the foregoing document is being served on counsel of record and that service will be accomplished by the CM/ECF system.

/s/ Rushab Sanghvi
Rushab Sanghvi
Associate General Counsel
D.C. Bar No. 1012814
AFGE, Office of the General
Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:   (202) 379-2928
Email: Sanghr@afge.org