## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
NATIONAL COUNCIL OF HUD LOCALS
COUNCIL 222, AFL-CIO,

      Plaintiff,

v.

FEDERAL SERVICE IMPASSES PANEL,
*ET AL.*,

      Defendants,

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,
451 7th Street, S.W.
Washington, D.C. 20410

      Intervenor.

Civil Action No. 19-cv-01934 (RJL)

## INTERVENOR'S MOTION TO STAY THE PARTIES' RESPONSES TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

For the reasons set forth in the attached Memorandum of Points and Authorities, the U.S. Department of Housing and Urban Development ("HUD"), having moved to intervene, hereby move to stay any responses to Plaintiff's Motion for Summary Judgment, ECF No. 22. As explained in detail in the accompanying Memorandum of Points and Authority, HUD respectfully request a stay so that this Court may first resolve threshold jurisdictional issues. In addition to their Memorandum of Points and Authorities, HUD has filed a proposed order with this motion.

Defendants consent to HUD's motion to stay; Plaintiff does not consent to the motion to stay.

Dated: December 2, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
U.S. Dep't of Justice, Civil Div., Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Phone:  (202) 514-3259
Fax: (202) 616-8460

*Counsel for Intervenor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, NATIONAL COUNCIL OF HUD LOCALS COUNCIL 222, AFL-CIO, | |
|       Plaintiff, | |
| v. | Civil Action No. 19-cv-01934 (RJL) |
| FEDERAL SERVICE IMPASSES PANEL, *ET AL.*, | |
|       Defendants, | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, 451 7th Street, S.W. Washington, D.C. 20410 | |
|       Intervenor. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERVENOR'S MOTION TO STAY RESPONSES TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The U.S. Department of Housing and Urban Development ("HUD"), having moved to intervene, respectfully moves the Court to stay proceedings on the early cross-motion for summary judgment filed by Plaintiff American Federal of Government Employees, National Council of HUD Locals Council 222, AFL-CIO ("AFGE-HUD" or "Plaintiff") in light of substantial jurisdictional questions that should be resolved first.

AFGE-HUD has brought suit against the Federal Service Impasses Panel ("Panel"), its Chairman Mark A. Carter, and the Federal Labor Relations Authority ("Authority") (together, "Defendants") asking the Court to vacate a Panel order that resolved a collective-bargaining negotiation impasse between AFGE-HUD and HUD. But for decades, the D.C. Circuit has

1

consistently held that district courts lack jurisdiction to review Panel orders. *See Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1499 (D.C Cir. 1984). The D.C. Circuit reiterated that well-established principle most recently, albeit in a broader context, in *American Federation of Government Employees, AFL-CIO ("AFGE") v. Trump*, 929 F.3d 748 (D.C. Cir. 2019), *rh'g denied*, No. 18-5289, 2019 U.S. App. LEXIS 29030 (Sept. 25, 2019). Solely on that jurisdictional basis, Defendants moved to dismiss AFGE-HUD's complaint. *See* ECF No. 20. In response, AFGE-HUD cross-moved for summary judgment, incorporating in that motion its opposition to Defendants' motion to dismiss. ECF No. 23. Instead of adjudicating AFGE-HUD's early summary judgment motion, though, the Court should stay consideration—and any further summary-judgment briefing—pending resolution of Defendants' straightforward jurisdictional motion to dismiss. Briefing on the motion to dismiss was completed with the filing of Defendants' reply brief on November 8, 2019. ECF No. 25. HUD, as Intervenor, fully agrees with the reasons for dismissal set forth in Defendants' motion to dismiss.

Plaintiff's motion for summary judgment is premature at this early stage of the litigation. By cross-moving for summary judgment now, Plaintiff seeks to skirt past an important, threshold jurisdictional issue and bring the merits of its constitutional and statutory claims, improperly, to the forefront of the litigation. Given the importance of the threshold jurisdictional issue presented in Defendants' motion to dismiss, summary judgment briefing is not yet appropriate. Indeed, such briefing may ultimately be unnecessary—should the Court conclude that it lacks jurisdiction, there will be no need for summary judgment. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 7 U.S. 506, 514 (1868))). Requiring Defendants or HUD to respond to AFGE-HUD's summary judgment motion now would thus force the parties to expend significant time and

resources "to brief a motion that the Court may not decide." *W.Va. Ex rel. Morrisey v. U.S. Dep't of Health & Human Servs.*, No. 14-1287, 2014 WL 12803229, *2 (D.D.C. Nov. 3, 2014) (citation omitted).

The significance of the constitutional questions raised in the summary judgment motion makes a stay of further briefing all the more appropriate in this case—"the prudential rule of avoiding constitutional questions" means that courts should resolve cases, if possible, on "the nonconstitutional questions presented." *Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1, 7 (1993). What is more, the constitutional questions themselves have already changed: a November 12, 2019 Presidential Memorandum delegating the President's removal authority over Panel members to the Authority, and the Panel's subsequent ratification of its orders issued prior to that delegation, will affect the parties' arguments on the merits of AFGE-HUD's constitutional claim. *See* Presidential Memorandum on the Delegation of Removal Authority Over the Federal Service Impasses Panel (Nov. 12, 2019), https://www.whitehouse.gov/presidential-actions/presidential-memorandum-delegation-removal-authority-federal-service-impasses-panel/. That change in circumstances makes summary judgment briefing at this stage of the proceedings not only untimely but also unhelpful.

Accordingly, HUD asks the Court to stay all briefing on AFGE-HUD's cross-motion for summary judgment until the Court resolves Defendants' fully briefed Rule 12(b)(1) motion.

## BACKGROUND

The Panel is an entity within the Federal Labor Relations Authority (the "Authority"), which was created "to provide assistance in resolving negotiation impasses between agencies and exclusive representatives" of agency employees. 5 U.S.C. § 7119(c)(1). It is a "forum of last resort . . . after negotiations have failed." *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. FSIP*,

3

437 F.3d 1256, 1257–58 (D.C. Cir. 2006) (quoting *Brewer*, 735 F.2d at 1501) (internal quotation marks omitted).   If the Panel asserts jurisdiction over a negotiation impasse, *see* 5 C.F.R. § 2471.6(1), then it may "take whatever action is necessary and not inconsistent with [the Statute] to resolve the impasse," 5 U.S.C. § 7119(c)(5)(B)(iii), including issuing orders like the one challenged by AFGE-HUD here.   *Am. Fed'n of Gov't Emps. v. FLRA*, 691 F.2d 565, 569 n.26 (D.C. Cir. 1982); 5 C.F.R. § 2471.6(a)(2)(ii).   The Panel consists of a Chairman and at least six members, each of whom is appointed by the President.   5 U.S.C. § 7119(c)(2).   And although Congress did not define in the governing statute what constitutes a quorum necessary for Panel action, the Panel's own regulations, since 1983, have defined a quorum as "a majority of the members of the Panel."   5 C.F.R. § 2470.2(f), (h).

In late 2018, the Panel asserted jurisdiction over an impasse between AFGE-HUD and HUD over the ground rules that would govern their substantive negotiations regarding a new collective bargaining agreement.   Am. Compl. ¶¶ 21–27.   Roughly two months later, the Panel issued *Department of Housing and Urban Development and AFGE, Council of HUD Locals 222*, 18 FSIP 075 (Feb. 14, 2019) ("*HUD and AFGE-HUD*"), thereby setting forth the ground rules that would govern negotiations going forward.   *Id.* at 32.

Now, instead of seeking recourse from the Federal Labor Relations Authority, AFGE-HUD seeks to undo that Panel order through this district court action.   AFGE-HUD's injury, it asserts, is the Panel's decision that AFGE-HUD should "pay travel costs for its bargaining team members, contrary to prior negotiations and [AFGE-HUD's] proposals before the Panel."   Am. Compl. ¶ 35. AFGE-HUD's causes of action include statutory and constitutional violations based on the Panel's composition and the appointment of its members.   Am. Compl. ¶¶ 44–67.   Specifically, AFGE-HUD contends, the Panel had no authority to issue the decision because, at the time the decision

was issued, the Panel was operating with fewer than the alleged statutorily required number of members, 65 U.S.C. § 7119(c)(2), and the members were purportedly appointed in violation of the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2. *Id.* Finally, AFGE-HUD seeks, among other remedies, vacatur of the Panel decision.

On October 11, 2010, Defendants moved to dismiss AFGE-HUD's complaint for lack of subject matter jurisdiction. ECF No. 20. Defendants' jurisdictional arguments are well-supported by established precedent—reiterated as recently as July 2019, *AFGE*, 929 F.3d 748—and go to the heart of the Court's power to entertain this case in the first instance. AFGE-HUD responded by cross-moving for summary judgment and incorporating its opposition to Defendants' motion to dismiss within that summary judgment motion. ECF No. 23. HUD now intervenes and requests a stay of briefing on and consideration of summary judgment.

## ARGUMENT

Defendants' motion to dismiss raises serious questions as to whether the Court has jurisdiction over this case; thus, the Court should stay briefing on AFGE-HUD's premature cross-motion for summary judgment until after resolution of Defendants' jurisdictional motion to dismiss. Staying summary-judgment proceedings will allow the parties to avoid expending valuable time and resources to brief issues that may ultimately prove irrelevant. And the interests of judicial economy—including preservation of the Court's own resources—will be better served by focusing all efforts, at this threshold stage, on the narrow jurisdictional issue presented in Defendants' motion to dismiss.

The Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the

sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995).  In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion.").  In this case, the existence of serious jurisdictional questions make it appropriate for the Court to resolve Defendants' pending motion to dismiss before the litigation proceeds to summary judgment.

The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94–95 (internal quotation marks omitted).  The D.C. Circuit has similarly recognized that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254–55 (D.C. Cir. 1998) (internal citations omitted); *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. 1:11-CV-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[T]he Court is obligated to determine whether it has subject-matter jurisdiction in the first instance.").  Accordingly, until the Court rules on the jurisdictional issue raised in Defendants' motion to dismiss, the parties "should not be put to the trouble and expense of any further proceedings, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Emps. of Am., CIO, ex rel. Wash. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949).  Neither the Court's nor the parties' time is

well served by engaging in a "struggle over the substance of the suit" when a dispositive jurisdictional motion is pending. *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (jurisdictional defenses should be raised at the outset to avoid unnecessary litigation).

Because Defendants' pending motion, if granted, would put an end to this litigation, to require the parties and the Court to address the substance of AFGE-HUD's summary judgment motion at this time would be an inefficient use of resources. Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) helps to "eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands*, 2011 WL 10959877, at *1 ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). AFGE-HUD should not be permitted to waste the resources of the parties and the Court by seeking to advance this litigation straight to summary judgment while a motion to dismiss on jurisdictional grounds is pending.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g., Furniture Brands*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time

7

to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [a summary judgment decision.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407(D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

The principle of constitutional avoidance gives all the more reason to stay briefing in this case. In keeping with that principle, courts generally resolve cases on any "nonconstitutional ground" that is "fairly available." *See United States v. Locke*, 471 U.S. 84, 92 (1985). Because the jurisdictional arguments raised in Defendants' motion to dismiss would allow this Court to decide the case on nonconstitutional grounds, the Court should stay summary judgment briefing until that motion is resolved.

This principle carries even greater weight here, where the nature of the constitutional question presented has changed since AFGE-HUD filed its cross-motion. *See* Presidential

Memorandum on the Delegation of Removal Authority Over the Federal Service Impasses Panel. In a November 12 Memorandum, the President delegated removal authority of Panel members to the Authority.  *Id.*  The Panel, now eight members, recently ratified all of its decisions, including the one at issue in this case, that were issued prior to that removal delegation.  These events materially change what factors the Court should consider in determining the breadth of the Authority's supervision over Panel members and thus whether Panel members are principal or inferior officers.  AFGE-HUD's currently pending motion for summary judgment is thus already outdated to the extent it does not address these material facts.   A stay, in short, would not only serve the principle of constitutional avoidance; it would also ensure that the parties' briefing on the constitutional issue (should such briefing ultimately be necessary) accurately reflects the nature of the legal landscape at the time of any such briefing.

Finally, AFGE-HUD would suffer no prejudice from a stay of summary judgment briefing. If the Court ultimately denies the motion to dismiss, the parties may then turn to the merits of the arguments raised in AFGE-HUD's summary judgment motion and any cross-motion for summary judgment that would be filed.  *See Furniture Brands*, 2011 WL 10959877, at *1 ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff.").  Without a stay, on the other hand, the parties will be forced to spend substantial time and resources briefing complex legal issues that may ultimately prove irrelevant to the resolution of the case.  *See Morrisey*, 2014 WL 12803229, at *2.

In sum, HUD respectfully notes that the more efficient path forward in this case is for the Court to assure itself of jurisdiction before requiring the parties to address the merits of AFGE-

HUD's claims.  AFGE-HUD will not suffer any prejudice from a stay of the summary judgment briefing.  In contrast, Defendants, and potentially HUD, will be required to expend, perhaps unnecessarily, considerable time and resources to brief a response to a premature motion for summary judgment.  Accordingly, briefing on AFGE-HUD's motion for summary judgment should be stayed until after resolution of Defendants' motion to dismiss for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should stay any response to AFGE-HUD's motion for summary judgment pending resolution of Defendants' motion to dismiss.

Dated: December 2, 2019                    Respectfully submitted,

                                                           JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
U.S. Dep't of Justice, Civil Div., Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
Phone:  (202) 514-3259
Fax: (202) 616-8460

*Counsel for Intervenor*

10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, NATIONAL COUNCIL OF HUD LOCALS COUNCIL 222, AFL-CIO,<br><br>     Plaintiff,<br><br>v.<br><br>FEDERAL SERVICE IMPASSES PANEL, *ET AL.*,<br><br>     Defendants,<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>     Intervenor. | Civil Action No. 19-cv-01934 (RJL) |

## PROPOSED ORDER

The Court, having considered Intervenor's Motion to Stay Responses to Plaintiff's

Summary Judgment Motion, hereby **GRANTS** the Motion.


_____
The Honorable Richard J. Leon
UNITED STATES DISTRICT JUDGE