UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF )
GOVERNMENT EMPLOYEES, )
*National Council of HUD Locals* )
*Council 222, AFL-CIO,* )
)
      **Plaintiff,** )
)
      v. ) Civil Case No. 19-1934 (RJL)
)
**FEDERAL SERVICE IMPASSES** )
**PANEL, et al.,** )
)
      **Defendants.** )

**MEMORANDUM OPINION**

November 16, 2020 [Dkt. ##23, 42]

This case presents two legal challenges to the composition of the Federal Service Impasses Panel, a federal agency that helps to resolve bargaining impasses between public-sector unions and federal government agencies. Plaintiff American Federation of Government Employees, National Council of HUD Locals Council 222, AFL-CIO is a federal public-sector union that came before the Panel as a result of its negotiations with the U.S. Department of Housing and Urban Development over a new collective bargaining agreement. In a challenge to the Panel's order setting ground procedural rules for the negotiations, plaintiff contends *first* that Panel members are principal officers who were appointed by the President without the advice and consent of the Senate, violating the Appointments Clause, and *second* that when the Panel issued the relevant order, it was composed of only four members, violating statutory quorum requirements for the Panel.

Before the Court are plaintiff's Motion for Summary Judgment [Dkt. #23] and defendants' Cross-Motion for Summary Judgment [Dkt. #42]. However, since plaintiff first challenged the Panel's order prescribing the ground rules, plaintiff has voluntarily complied with those ground rules and has concluded negotiations on a new collective bargaining agreement. Because plaintiff no longer suffers any injury from the Panel's order that is redressable by this Court, this case must be dismissed as moot. Accordingly, defendants' Cross-Motion for Summary Judgment [Dkt. #42] is GRANTED IN PART, and plaintiff's Motion for Summary Judgment [Dkt. #23] is DENIED.

## BACKGROUND

The Federal Service Labor-Management Relations Statute ("Statute"), Pub. L. No. 95-454, 92 Stat. 1111 (1978), governs labor relations between public-sector unions and federal agencies. 5 U.S.C. §§ 7101–7135. The Federal Labor Relations Authority ("Authority") is tasked with administering the Statute. *Id.* §§ 7104–7105. The Federal Service Impasses Panel ("Panel") is an entity within the Authority that is responsible for resolving negotiation impasses between agencies and unions representing federal employees. *Id.* § 7119(c)(1).

In June 2018, plaintiff American Federation of Government Employees, National Council of HUD Locals Council 222, AFL-CIO ("Council 222" or "plaintiff") and the U.S. Department of Housing and Urban Development ("HUD") began negotiating a new term collective bargaining agreement to replace their previous agreement, which would expire in July 2018. Second Am. Compl. ¶¶ 20, 22 [Dkt. #14]. However, on July 30, 2018, HUD asserted that the parties were at an impasse in negotiations over a "ground rules" agreement

that would govern the parties' negotiations for their collective bargaining agreement. *Id.* ¶¶ 22–23. Accordingly, upon a request by HUD and over an objection by Council 222, the Federal Service Impasses Panel asserted jurisdiction on November 15, 2018. *Id.* ¶¶ 24–25. The parties met with a mediator, who referred them to the Panel for resolution of an impasse on all outstanding terms for the ground rules. *Id.* ¶¶ 26–27. On February 14, 2019, the Panel issued an order imposing ground rules for Council 222 and HUD's negotiations that, according to Council 222, largely mirrored HUD's proposals. *Id.* ¶¶ 32–33.

On June 27, 2019, plaintiff Council 222 filed a complaint against the Federal Service Impasses Panel, the current Panel Chairman Mark Anthony Carter, and the Federal Labor Relations Authority (collectively, "defendants"), challenging the Panel's order as invalidly issued because of the Panel's composition. *See* Compl. [Dkt. #1]. Plaintiff first argues that Panel members are principal officers by virtue of their ability to "issue final and binding decisions," their lack of "direct supervision," and their "power to hold hearings, take testimony, and issue subpoenas." Second Am. Compl. ¶ 39. Plaintiff therefore contends that the President's appointment of the Panel members without advice and consent by the Senate violated the Appointments Clause. *Id.* ¶¶ 38, 40–41. Plaintiff also argues that when the Panel issued the relevant order, it was composed of only four members rather than the seven members required by the Statute. *See id.* ¶¶ 31, 37.

On September 6, 2019, I consolidated this case with a related case filed by the American Federation of Government Employees, AFL-CIO. *See* 9/6/2019 Min. Order. Plaintiff filed an Amended Complaint, asserting three counts: (1) *ultra vires* action because the Panel issued an order without seven members, (2) violation of the Appointments Clause

because the Panel members were appointed without the advice and consent of the Senate, and (3) violation of the Administrative Procedure Act because the Panel issued an order in violation of the statutory quorum requirement. *See* Second Am. Compl. ¶¶ 44–67. Plaintiff asserted that it was injured by the Panel's order because it had to pay the travel costs of its bargaining team members. *Id.* ¶ 35.

On October 11, 2019, defendants moved to dismiss the complaint for lack of jurisdiction, arguing that Congress precluded judicial review of Panel orders in the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101–7135. *See* Defs.' Mot. to Dismiss [Dkt. #20]. On November 1, 2019, plaintiff both opposed the motion to dismiss and moved for summary judgment. *See* Pl.'s Mot. for Summ. J. & Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Mot.") [Dkt. #23]. Upon defendants' motion, I stayed briefing on plaintiff's motion for summary judgment pending a decision on defendants' motion to dismiss. 12/5/2019 Min. Order. After I denied the motion to dismiss on June 22, 2020, I set a briefing schedule for cross-motions for summary judgment. *See* 6/22/2020 Min. Order; 7/6/2020 Min. Order; Defs.' Mot. for Summ. J. ("Defs.' Mot.") [Dkt. #42]. Briefing concluded on August 31, 2020, and defendants filed notices of supplemental authority on September 22, 2020 and October 14, 2020.

In the meantime, however, the parties continued their negotiations on a new collective bargaining agreement. Plaintiff did not challenge the Panel's order by refusing to abide by it and triggering an unfair labor practice proceeding before the Authority, nor did it move in this Court to stay the order's effect. *See* Defs.' Mot. at 14; Pl.'s Opp'n & Reply at 12 [Dkt. #44]. Plaintiff complied with the Panel's order regarding ground rules

4

for the negotiations and paid its bargaining team's travel costs. *See* Defs.' Mot. at 13; Pl.'s Opp'n & Reply at 7. The parties reached the end of the negotiations schedule outlined in the Panel's order in January 2020 and then went to the Panel again in a dispute over certain proposed articles for the collective bargaining agreement. Defs.' Mot., Ex. B, Letter, Katherine Hannah to Kimberly Mosely (Jan. 10, 2020) ("Hannah Letter") [Dkt. #42-5]. The Panel asserted jurisdiction on April 6, 2020. *See* Defs.' Mot., Ex. C, Letter, Chairman Mark A. Carter to Katherine Hannah and Ashaki Robinson (Apr. 6, 2020) [Dkt. #42-6]. On August 12, 2020, the Panel imposed terms for the remaining disputed articles for the collective bargaining agreement. *See U.S. Dep't of Housing & Urban Development & Am. Fed'n of Gov't Emps., Council 222*, 20 FSIP 036 (Aug. 12, 2020); *see also Am. Fed'n of Gov't Emps. v. Fed. Serv. Impasses Panel*, No. 20-cv-2683, Compl. ¶ 36 & Ex. 1 (D.D.C. filed Sept. 21, 2020) [Dkt. #2].

## ANALYSIS

Defendants now contend in their motion for summary judgment that this case should be dismissed as moot on the basis that no relief sought by plaintiff would remedy its alleged injury. Defs.' Mot. at 11–13. Since it filed its complaint challenging the Panel's order in June 2019, plaintiff has followed the terms of the ground rules agreement set by the Panel, and the parties completed their collective bargaining agreement negotiations in January 2020. *See* Hannah Letter at 1. Therefore, according to defendants, any remedy sought by plaintiff would not address the injury it asserted: having to abide by the terms of the ground rules agreement, such as paying travel costs, in their negotiations. Defs.' Mot. at 11–12. Plaintiff asserts that this case is not moot because the defendants' actions continue to cause

5

injury and that the Court may vacate the ground rules agreement and put the parties back in the same position. Pl.'s Opp'n & Reply at 7–8.

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The federal judiciary must "confine[] itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). As Chief Justice Roberts himself stated: "In our system of government, courts have no business deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). This jurisdictional requirement is "especially rigorous" in a case like the present one where "reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Raines v. Byrd*, 521 U.S. 811, 819–20 (1997). "[W]e must put aside the natural urge to proceed directly to the merits of [an] important dispute and to 'settle' it for the sake of convenience and efficiency." *Id.* at 820.

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "No matter how vehemently the parties continue to dispute the

6

lawfulness of the conduct that precipitated the lawsuit," *id.*, a case must be dismissed as moot "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,'" *Genesis Healthcare Corp.*, 569 U.S. at 72 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990)), or "if an event occurs . . . that makes it impossible for the court to grant any effectual relief," *Anderson v. Carter*, 802 F.3d 4, 10 (D.C. Cir. 2015). "The party seeking jurisdictional dismissal must establish mootness, while the opposing party has the burden to prove that a mootness exception applies." *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019).

Upon consideration of the parties' briefing, the relevant law, and the entire record, I have concluded that this case is indeed moot. Because plaintiff has complied with the terms of the ground rules agreement and concluded its negotiations with HUD, it has no injury that can be remedied by the relief it seeks. The only injury that plaintiff asserted in its complaint was payment of the travel costs of its bargaining team members. Second Am. Compl. ¶ 35. As relief, plaintiff sought a declaration that the Panel's order was *ultra vires* and void, vacatur of the Panel's order, and a declaration that the Panel may not exercise its jurisdiction until it is composed of at least seven members who have been appointed with the advice and consent of the Senate. *See id.* at 12. Because plaintiff has already complied with the ground rules, paid its team's travel costs, and concluded negotiations, this Court's vacatur of the Panel's order would not remedy plaintiff's asserted injury. Nor is plaintiff's request for declaratory relief sufficient to keep this case alive. "The real value of [a] judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute which

affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis omitted). Neither declaratory relief, nor vacatur of the Panel's order setting the ground rules for negotiations, would affect defendants' behavior as to plaintiff's asserted injuries from the Panel's order, as the negotiations governed by the order have concluded.

Moreover, the Court has no power to return the parties to the status quo ante, as plaintiff suggests in its reply, *see* Pl.'s Opp'n & Reply at 6. In *Anderson v. Carter*, 802 F.3d 4 (D.C. Cir. 2015), our Circuit Court dismissed as moot a First Amendment challenge to the U.S. military's media ground rules, explaining that "[t]here appears to be nothing this court can do that will put [plaintiff] back in the same position he occupied before the events alleged in the complaint." *Id.* at 10. In *Anderson*, the U.S. military had removed the plaintiff from his position as a military-embed journalist for violating its media ground rules. *Id.* at 6–7. In his complaint, the plaintiff had asked the district court to reverse the termination memorandum and reinstate him as a military-embed journalist in Afghanistan. *Id.* at 10. However, by the time the court heard the case, NATO had taken over operations of the embed program, such that a court's reversal of the U.S. military's termination memorandum would not grant the plaintiff a military-embed job with NATO and would therefore not remedy his asserted injury. *Id.* Here, like in *Anderson*, plaintiff's asserted injury—its payment of travel costs for the negotiations—cannot be remedied by any relief requested from this Court because those negotiations have concluded. Plaintiff did not seek damages for those payments. *See* Second Am. Compl. at 12, Relief Requested (1)–(7). Nor did plaintiff seek a stay of Panel proceedings or negotiations to ensure that the

parties remained at the status quo ante. The events have "outrun the controversy such that the court can grant no meaningful relief." *McBryde v. Comm. to Review Cir. Council Conduct & Disability Orders of Jud. Conf. of U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001) (holding challenge to one-year and three-year bans on certain judicial conduct moot when the bans had concluded before the court ruled). Accordingly, I must conclude that this case is moot.

Of course, courts may still hear a mooted case if it falls under the narrow exception of being "capable of repetition, yet evading review." *Reid*, 920 F.3d at 832. However, that exception does not apply here. Under the first prong of that exception, "resolution of an otherwise moot case must have 'a reasonable chance of affecting the parties' future relations.'" *Newdow v. Roberts*, 603 F.3d 1002, 1008 (D.C. Cir. 2010) (quoting *Clarke v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990)). Under the second prong, "the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Plaintiff fails to establish that its legal challenges satisfy both prongs. How so?

First, even if we assume plaintiff's Appointments Clause challenge is capable of repetition, as Panel members appointed without the advice and consent of the Senate continue to issue decisions and orders that may affect plaintiff, plaintiff is barred from asserting that this challenge evades review. *See Newdow*, 603 F.3d at 1008. To claim that a case evades review, a plaintiff must "make a full attempt to prevent [its] case from becoming moot." *Id.* at 1008–09. Here, however, plaintiff did not seek a stay of the Panel's order, as unions have done in other cases, *see, e.g., Ass'n of Admin. Law Judges v. Fed.*

9

*Serv. Impasses Panel*, No. 20-cv-1026, Mot. for Prelim. Inj. (D.D.C. filed Apr. 24, 2020) [Dkt. #5]. "[A] litigant who could have but did not file for a stay to prevent a counter-party from taking any action that would moot his case may not, barring exceptional circumstances, later claim his case evaded review." *Armstrong v. FAA,* 515 F.3d 1294, 1297 (D.C. Cir. 2008) (citing cases). In fact, since negotiations for the collective bargaining agreement concluded, plaintiff Council 222 filed another suit raising the Appointments Clause issue again and seeking to invalidate the Panel's order imposing terms for the collective bargaining agreement. *See Am. Fed'n of Gov't Emps. v. Fed. Serv. Impasses Panel*, No. 20-cv-2683 (D.D.C. filed Sept. 21, 2020). That case may well be a meaningful avenue to review plaintiff's Appointments Clause challenge. *See Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 62 F. Supp. 3d 1, 4 (D.D.C. 2014). Regardless, plaintiff's Appointments Clause challenge does not evade judicial review.

Plaintiff's quorum challenge, on the other hand, does not even satisfy the first prong of being "capable of repetition." To establish that an issue is "capable of repetition," the "same parties" must be likely to "engage in litigation over the same issues in the future." *See Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017). The situation of having fewer than seven Panel members adjudicate a dispute between Council 222 and HUD is not reasonably likely to occur again. Indeed, the Panel currently has ten members. *See* Federal Service Impasses Panel Biographies, https://www.flra.gov/fsip_panel_bios (last visited Nov. 15, 2020). Neither of plaintiff's two legal challenges satisfies the mootness exception for controversies that are "capable of repetition, yet evading review."

10

## CONCLUSION

For the above reasons, the Court must dismiss this case as moot. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge